STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION
                                                  DOCKET NO. CV-07-162

JAY MCLAUGHLIN, and
ELLEN MCLAUGHLIN

          Plaintiffs,

          v.

PATRICK E. HUNT,

          Defendant.



**DECISION AND ORDER**

This matter is before the Court on a motion for summary judgment filed by the defendant, Patrick E. Hunt, Esq., filed on August 14, 2008. Oral argument was held on March 24, 2009.

## BACKGROUND

The plaintiffs, Jay and Ellen McLaughlin, retained Maineline Modular Homes, Inc. to construct a motel on an undeveloped parcel in Medway owned by the plaintiffs. In March 1995, Maineline Homes allegedly walked off the job prior to completion, forcing the plaintiffs to incur additional expenses to complete the project. In January 2000, the plaintiffs retained the services of the defendant, Attorney Hunt, to represent them in their case against Maineline Homes. On May 3, 2000, Attorney Hunt filed a complaint in Penobscot County Superior Court against Maineline Homes and its owner, Fred Copson, alleging *inter alia* breach of contract.

The case was set as a jury-waived waived backup on the court's July 2001 trial list. On July 9, 2001, the court granted partial summary judgment in favor of the McLaughlins in their case against Maineline Homes. The court also notified the

1

attorneys for both parties on July 9, 2001 that the trial would commence on July 10, 2001. Attorney Hunt was litigating a different case for the McLaughlins in U.S. District Court ("the Denharco case") and filed a motion to continue. The court granted the motion and notified the parties that the trial would commence on July 12, 2001 unless Attorney Hunt's case was still going on in federal court. The case in federal court concluded on July 11, 2001.

On July 12, 2001, the plaintiffs settled the case against Maineline Homes for $15,000.00. They subsequently filed the complaint in the present legal malpractice suit on June 28, 2007, alleging that Attorney Hunt was unprepared for the case and, by his words and conduct, forced them into settling the case for far less than it value. During discovery, Jay McLaughlin was deposed and testified as follows:

> Several days before we go to court, we're in court with a case against Denharco; and Pat mentions that the date was coming up for the one with Mr. Copson and that he was going to get it postponed because it was too close to the Denharco case and if the Denharco case took a couple of days – or he might not be ready, and it could take three days and they both would be going on at the same time and he sure couldn't do that.

> He allowed he had it covered because he called his secretary, I think it was Darcy, and had her do some kind of paper to send to the judge which he was pretty sure the judge would postpone it. Then as it got closer, it appeared that the judge might not postpone it.

> Then the date of the Denharco case gets over, he says the judge won't postpone it. We've got to do that case tomorrow and I'm not ready. I asked Pat what he was going to do. I can't remember what word he used, but it was that he was going to win it.

> And on the way walking to the courthouse the morning we went to court with Mr. Copson, Pat told me we had to settle, and that wasn't a problem because, you know, he had talked great big numbers all the way through this; and I told him as long we settled for those kind of numbers, we would be all set.

2

> We get into the courthouse and Mr. Copson offered to settle for like $10,000, and I told Pat Hunt that I wanted to try it; and he kept telling me how he wasn't ready to try it, he didn't have the information to try it. We had to settle. I kept telling him that I would not settle for that or anywhere near that amount, and he informed me that he was handling that case and that he was going to settle it. I told him a number of times that I wanted to talk to the judge, there was a problem here, and I wasn't sure it was all Copson that was the problem. One time he told me I should sit down and shut up or I'd be going to jail, and I might be taking him with me.

(Pls.' Add'l S.M.F. ¶ 16; Jay McLaughlin Dep. at 53-55.) The defendant has now filed a motion for summary judgment and the McLaughlins have opposed.

## DISCUSSION

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of the case. *Id.*; *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747.

The defendant has raised two arguments in support of his motion for summary judgment. First, he claims that the plaintiffs have not produced any evidence that the defendant breached his duty of care. Second, he argues that, by virtue of the settlement, the plaintiffs are estopped from denying that their case against Maineline Homes would have been worth more than $15,000 but for the alleged breach by the defendant. The Court takes these arguments up in turn.

The plaintiffs have complained that the defendant breached his duty of care by failing to be prepared for trial and by forcing them to settle the case for an amount far

below its value without their consent.  The defendant now argues that the plaintiffs have not produced any evidence of such breach.  The Court need not look beyond the above-quoted deposition testimony of Jay McLaughlin.  Such testimony is evidence of a breach of the duty of care, creating a genuine issue of material fact on this issue.

Moving to the defendant's assertion of estoppel, the application of this doctrine is misplaced in this context.  Settlement of a case does not bar a litigant from later maintaining an action for legal malpractice against the attorney who negotiated and entered into the settlement.  Although the Law Court has not specifically addressed this issue, this Court's decision is in accord with the majority of those jurisdictions that have.

> [A]n attorney is liable for negligently causing a client to settle a claim for an amount below what a properly represented client would have accepted.

*Fishman v. Brooks*, 487 N.E.2d 1377, 1379 (Mass. 1986).

> [W]e recognize that litigants rely heavily on the professional advice of counsel when they decide whether to accept or reject offers of settlement, and we insist that the lawyers of our state advise clients with respect to settlements with the same skill, knowledge, and diligence with which they pursue all other legal tasks. . . . Accordingly, like the majority of courts that have addressed this issue, we decline to adopt a rule that insulates attorneys from exposure to malpractice claims arising from their negligence in settled cases if the attorney's conduct has damaged the client."

*Grayson v. Wofsey, Rosen, Kweskin & Kuriansky*, 646 A.2d 195, 199-200 (Conn. 1994) (internal quotations omitted).

> It would be patently unfair to allow attorneys who may have committed malpractice in handling a case to turn around and rely on a defense that effectively says that, because the client knowingly settled his or her case, the issue of whether the attorney was negligent was also settled.

*Prande v. Bell*, 660 A.2d 1055, 1064 (Md. 1995).

4

Application of estoppel in this context would permit attorneys who have violated standards of care to advise their clients to settle in order to shield themselves from liability. Neither the public nor the legal profession would be well served by such a rule.

## CONCLUSION

Genuine issues of material fact remain as to whether the defendant violated professional standards of care; therefore, the defendant's motion for summary judgment is denied.

The entry is:

1. The defendant's motion for summary judgment, filed on August 14, 2008, is **DENIED**.

2. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: May 18, 2009

M. Michaela Murphy
Justice, Superior Court

5

JAY MCLAUGHLIN  - PLAINTIFF
P O BOX 637
MEDWAY ME 04460
Attorney for: JAY MCLAUGHLIN
JED DAVIS  - RETAINED 06/28/2007
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330.

ELLEN MCLAUGHLIN  - PLAINTIFF
P O BOX 637
MEDWAY ME 04460
Attorney for: ELLEN MCLAUGHLIN
JED DAVIS  - RETAINED 06/28/2007
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330

vs
PATRICK E HUNT  - DEFENDANT
19 SHERMAN STREET,
ISLAND FALLS ME 047470130
Attorney for: PATRICK E HUNT
JAMES M BOWIE  - RETAINED 07/18/2007
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2007-00162

DOCKET RECORD